THEODORE TOWNSEND, PROSECUTOR, v. BOROUGH OF HOPATCONG, DEFENDANT.

Submitted May 5, 1942—Decided September 12, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Fred Laifer* (*John C. Grimshaw*, on the brief).

For the defendant, *Kalisch & Kalisch* (*Isidor Kalisch*, on the brief).

The opinion of the court was delivered by

COLIE, J. This writ of *certiorari* brings up an order made on September 30th, 1941, by the Sussex County Court of Common Pleas denying an application to correct a judgment in a workmen's compensation matter, which judgment was entered in April, 1939.

Theodore Townsend, on June 11th, 1934, sustained injuries from an accident arising out of and in the course of his employment by the Borough of Hopatcong. Thereafter, he filed a petition for compensation and on June 7th, 1938, received an award of 100 per cent. total permanent disability. On appeal to the Sussex County Court of Common Pleas, the award was affirmed. On *certiorari* the Supreme Court reversed the Pleas. The Supreme Court found as a fact that total permanent disability existed, "but that ten per cent.

of that disability is due to disease and Potts fracture, and the other ninety per cent., to the accident."

After the reversal by the Supreme Court, the Sussex County Court of Common Pleas entered a judgment against the Borough of Hopatcong for temporary disability, with which we are not concerned, and, as to permanent disability, the rule for judgment reads: "and in addition thereto, there has been paid to the petitioner-appellee permanent compensation of 144 weeks at $14.40 per week, or $2,073.60, leaving a balance due of 216 weeks permanent disability at $14.40 per week, or $3,081.80 due the petitioner-appellee." Despite the inartistic wording quoted above, it is clear that the award for permanent disability was for 360 weeks which is 90% of 400 weeks. Payments in accordance with this rule continued for just short of two years when prosecutor applied to the judge of the Sussex Pleas for a "correction" of the rule for judgment. The correction sought to charge the employer with liability to make payments for permanent disability for a period of 450 weeks. The asserted ground for the application was that chapter 135 of the laws of 1928, paragraph 11, subsection (w) controlled the situation, the pertinent part of which reads: "In all lesser or other cases involving permanent loss, or where the usefulness of a member or any physical function is permanently impaired, the compensation shall be sixty-six and two-thirds per centum of daily wages, and the duration of compensation shall bear such relation to the specific periods of time stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule; *provided, however,* that in cases in which the disability is determined as a percentage of total and permanent disability the duration of the compensation shall be a corresponding portion of five hundred weeks." The statute fixing the number of weeks for which total permanent disability was payable at the time with which we are dealing, was chapter 135 of the laws of 1928, paragraph 11, subsection (b), which reads in part as follows: "For disability total in character and permanent in quality, sixty-six and two-thirds per centum of the wages received

at the time of injury, * * *. This compensation shall be paid for a period of four hundred weeks, * * *."

Prosecutor seems to have lost sight of the finding in the Supreme Court of "the present existence of total disability." That is 100% disability; to described it as "100% total disability" is tautological. Where disability "total in character"is found, the extent of payments for which the employer is legally bound to compensate is four hundred weeks, it is only when the permanent disability is less than total, *i. e.*, a percentage of total, that recourse may be had to section (w). In *Richardson* v. *Essex National Trunk, &c., Co., Inc.*, 119 *N. J. L.* 47, and *Toohey* v. *Gorman*, 125 *Id.* 41, the Court of Errors and Appeals has considered and settled the law in this regard.

Our determination on this phase makes unnecessary a discussion of the other points raised.

The writ of *certiorari* is dismissed, with costs.